[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10307
Non-Argument Calendar

_____

D.C. Docket No. 04-02637 CV-P-S

AMERITAS VARIABLE LIFE
INSURANCE COMPANY,

Plaintiff-Appellant,

versus

SUSAN L. ROACH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 13, 2005)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

This is an appeal of a district court's dismissal of a declaratory judgment action in favor of a parallel state court action. It also marks our first opportunity to discuss the circumstances under which a federal district court should decline to exercise its discretion to accept jurisdiction of such a controversy. The district court below found that the declaratory judgment action amounted to unnecessary and inappropriate interference with the parallel state court action, which will resolve the entire controversy, and granted a dismissal. We agree, finding that the district court did not abuse its discretion, and affirm the decision below.

I.

In March 2002, Brooke Roach ("Mr. Roach") met with David Guttery ("Guttery"), an agent of Acacia National Life Insurance ("Acacia"), which is affiliated with Ameritas Variable Life Insurance Company ("Ameritas"). On that date, he applied for a life insurance policy to replace an existing life insurance policy he had with another insurance carrier. Mr. Roach also assigned to Acacia all of his benefits, interests, and rights under his existing insurance policy. Acacia subsequently issued to Mr. Roach a new life insurance policy (the "Policy") that included a suicide provision. The suicide provision provided that if the insured committed suicide within two years after the Policy date, the insurance company would only pay "the premiums received, less any partial surrenders and

indebtedness." In November 2002, Ameritas assumed all rights, obligations, and liabilities under the Policy.

Mr. Roach died (of an apparent suicide) on March 23, 2004. On April 13, 2004, Defendant-Appellee Susan Roach ("Mrs. Roach"), the beneficiary of the Policy, filed a claim with Ameritas to recover death benefits under the Policy. Thereafter, on September 1, 2004, Ameritas brought a diversity action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. (the "Declaratory Judgment Act"), in the district court, seeking a declaration of the rights and obligations of the parties under the Policy (the "declaratory action").[1]

Subsequently, on October 12, 2004, Mrs. Roach filed a state court action against Ameritas, Guttery, and Nowlin & Associates, Inc. ("NAI"), the agency that employed Guttery (the "state court action"). The state court action asserts claims for breach of the insurance contract and negligent supervision and hiring against Ameritas; and claims for negligence against Guttery and NAI. Also, that same day, Mrs. Roach filed with the district court a motion to dismiss the declaratory action in favor of the parallel state court action. The district court ultimately determined that the state court action was the more appropriate forum in which to hear the complete controversy and granted Mrs. Roach's motion to dismiss. This appeal followed.

---

[1]In dispute is the effective date of the Policy.

II.

We review the district court's dismissal of the declaratory judgment action for abuse of discretion. Wilton v. Seven Falls Co., 515 U.S. 277, 289-90, 115 S.Ct. 2137 (1995). "[W]hen we say that a decision is discretionary, or that a district court has discretion to grant or deny a motion, we do not mean that the district court may do whatever pleases it. The phrase means instead that the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984).[2] Specifically, an abuse of discretion "can occur in three principal ways: [1]when a relevant factor that should have been given significant weight is not considered; [2]when an irrelevant or improper factor is considered and given significant weight; and [3]when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." Id. Thus, when employing an abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard.

---

[2]This Circuit has repeatedly cited Kern for its elaboration of the abuse of discretion standard. See United States v. Drury, 396 F.3d 1303, 1315 (11th Cir. 2005); Cooper v. Southern Co., 390 F.3d 695, 712 (11th Cir. 2004); United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc); Macklin v. Singletary, 24 F.3d 1307, 1311 (11th Cir. 1994); In re Rasbury, 24 F.3d 159 (11th Cir. 1994).

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (citations omitted). It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S.Ct. 1173 (1942). In fact, in cases such as this, the Supreme Court has expressed that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495. The Supreme Court has warned that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Id. This warning should be heeded.

Guided by these general principles expressed by the Supreme Court, as well as "the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts,"[3] we provide the following factors for consideration to aid district courts in balancing state and federal interests.[4]

---

[3]Centennial Life Ins. v Poston, 88 F.3d 255, 257 (4th Cir. 1996) (citation omitted).

[4]This Circuit has not previously espoused a specific set of criteria to be applied in cases such as this one – where a district court is faced with a declaratory action brought in federal court

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Our list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in Brillhart and Wilton.

Here, the district court weighed several different factors before abstaining from

---

on the basis of diversity and a subsequent parallel lawsuit on the merits is instituted in state court. Other circuits, most notably the Fourth and Sixth Circuits, have already explored this question in detail, and have set forth certain factors, which we adopt as guideposts for the district courts. These factors arise from a variety of sources. See Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000); Centennial Life Ins., 88 F.3d at 257; 12 Moore's Federal Practice, § 57.42 (3d ed. 2005).

the declaratory action in favor of the state court action. First, the district court found that while it had before it only an incomplete set of parties and claims, the state court action encompassed the complete controversy. Neither Ameritas, as plaintiff, nor the district court, could compel Mrs. Roach to litigate her third-party claims in the declaratory action, which would be the only way in which the district court could mirror the state court action.

Second, the district court expressed concern about its ability to appropriately exercise supplemental jurisdiction over the non-diverse third-party litigants if Mrs. Roach were to seek to join them. The district court noted that the question is an open one in the Eleventh Circuit and the Supreme Court, and that although it would be inclined to rule that such a joinder would not destroy diversity jurisdiction, the issue was moot because Mrs. Roach had not attempted such a joinder.[5]

Finally, the district court concluded that to allow the declaratory action to proceed would amount to the unnecessary and inappropriate "[g]ratuitous interference" with the more encompassing and currently pending state court action that was contemplated by the Supreme Court in Brillhart and Wilton. We agree.

---

[5]Ameritas places great emphasis on the issue of the district court's ability to appropriately exercise supplemental jurisdiction over the non-diverse third-party litigants. It argues that the determination whether the court abused its discretion hinges on the outcome of this issue. We disagree. The state court action includes all the parties to the dispute, which is controlled by state law. There is no need for a federal district court to reach out for expanded jurisdiction even were it permissible.

7

Ameritas contends that the district court abused its discretion by not considering the various factors enumerated by our sister circuits in similar situations. To the contrary, it appears to us that the district court gave appropriate consideration to the primary factors existing here, including the traditional concepts of federalism, efficiency, and comity.

Under an abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard, and we find no such errors here. Moreover, district courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." Wilton, 515 U.S. at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." Id. We, as the reviewing court, "must be mindful that the district courts are closer to the facts and the parties, and that not everything that is important about a lawsuit comes through on the printed page." Kern, 738 F.2d at 970. Here, the district court adequately considered "whether the claims of all the parties in interest [could] satisfactorily be adjudicated in [the declaratory action], whether necessary parties have been joined, [and] whether such parties are amenable to process in [the declaratory action]." Brillhart, 316 U.S. at 495.

8

In our view, the district court acted well-within the range of its discretion by heeding the Supreme Court's admonitions in <u>Brillhart</u> and rightly abstaining from the declaratory action in favor of the parallel state court action. Therefore, we find no abuse of discretion and affirm the district court's dismissal.

AFFIRMED.