[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10818

_____

D. C. Docket No. 06-00602-CV-SLB

TRIPLE S REFINING CORP.
f.k.a. Kerr McGee Refining Corporation,

Plaintiff-Appellant,

versus

MOUNT CANAAN FULL GOSPEL
CHURCH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 8, 2007)**

Before MARCUS and PRYOR, Circuit Judges, and HANCOCK,* District Judge.

PER CURIAM:

_____

* Honorable James H. Hancock, United States District Judge for the Northern District of
Alabama, sitting by designation.

Triple S Refining Corporation appeals the dismissal of its complaint for a declaratory judgment. The district court declined to exercise jurisdiction over the diversity complaint to avoid interference with a parallel state court action. Because the district court acted well within its discretion, we affirm.

This Court reviews the dismissal of a complaint for a declaratory judgment for abuse of discretion. Ameritas v. Variable Life Ins. Co. v. Roach, 411 F.3d 1238, 1330 (11th Cir. 2005). An abuse of discretion "can occur in three principal ways: [1] when a relevant factor that should have been given significant weight is not considered; [2] when an irrelevant or improper factor is considered and given significant weight; and [3] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." Id. (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)). We are reminded that district courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 2142 (1995).

Triple S first argues that the district court abused its discretion because no "extraordinary circumstances" existed that excepted the district court from its "'virtually unflagging obligation' to exercise [its] jurisdiction." Colorado River

Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976).  This argument fails.  In Wilton v. Seven Falls Co., the Supreme Court clarified that "extraordinary circumstances" are unnecessary to warrant abstention on the basis of pending state litigation and the standard for appellate review of a dismissal of a complaint for a declaratory judgment is abuse of discretion.  515 U.S. at  289, 115 S. Ct. at 2144.

Triple S contends that the district court abused its discretion based on the nine factors established in Ameritas v. Variable Life Insurance Co. v. Roach.  411 F.3d at 1311.  We disagree.  The arguments made by Triple S are indistinguishable from the arguments rejected by this Court in Ameritas.  That the  action in state court was filed after the federal complaint, in anticipation of the motion to dismiss, is of no moment.  See id. at 1329-30, 1331-32.  The district court adequately weighed the "considerations of federalism, efficiency, and comity" and acted well within its discretion when it abstained from exercising jurisdiction in favor of the parallel state action.  Id. at1331.

We affirm the dismissal of the complaint filed by Triple S.

**AFFIRMED.**