[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16309

_____

D. C. Docket No. 05-01852-CV-T-17-TBM

PENN MILLERS INSURANCE COMPANY,

Plaintiff-Counter
Defendant-Appellant,

versus

AG-MART PRODUCE INC.,

Defendant-Counter
Claimant-Appellee,

JAMES A. SOLITO
GAIL D. MILLER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 19, 2007)**

Before EDMONDSON, Chief Judge, DUBINA, Circuit Judge, and STORY,[*] District Judge.

PER CURIAM:

Appellant Penn Millers Insurance Company ("Penn Millers") appeals the dismissal of its declaratory judgment action, in which it sought a declaration of its duty to indemnify its insured, Appellee AG-Mart Produce, Inc. ("AG-Mart"), for punitive damages liability. Because we conclude that the district court did not abuse its discretion, we affirm.

A related consolidated tort action is currently before Florida's 20th Circuit Court and has been active since the middle of 2003. The plaintiffs in that case brought suit against AG-Mart and its employee, Frederick Parr, for injuries sustained in an automobile accident. The plaintiffs were injured by an AG-Mart automobile driven by Parr, who was allegedly drunk and speeding at the time of the collision. AG-Mart is insured by Penn Millers, and Penn Millers is defending AG-Mart and Parr in the state court action. Penn Millers brought suit in federal court seeking a declaratory judgment that it has no obligation under Florida law to indemnify AG-Mart for any punitive damages liability sustained in the state court action. Defendants in the declaratory judgment action, AG-Mart and the personal

[*] Honorable Richard W. Story, United States District Judge for the Northern District of Georgia, sitting by designation.

injury plaintiffs, moved the district court below to dismiss or abate the complaint filed by Penn Millers, asserting that the matter did not belong in federal court at this time.

We review the district court's dismissal of the declaratory judgment action for abuse of discretion. Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995). The Declaratory Judgment Act ("the Act") is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (citations omitted). It gives federal courts the ability to make a declaration of rights, but it does not impose a duty to do so. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). Under the Act, district courts have "unique and substantial discretion" to decide whether to take action and declare the rights of interested parties. Wilton, 515 U.S. at 283. Indeed, the Supreme Court has cautioned that in certain cases, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495. In addition, we have provided guidance for district courts, listing several factors to be considered in balancing these competing interests: "(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in

the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'–that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." Ameritas Variable Life Ins. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005).

Here, the district court carefully considered the relevant Ameritas factors and determined that public policy and practical considerations weighed in favor of dismissing the declaratory judgment action. We find no abuse of discretion in this determination. "Under an abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of

4

judgment, or has applied the wrong legal standard," and we find no such error here. Ameritas, 411 F.3d at 1332.  For this reason, we affirm the district court's decision to dismiss the declaratory judgment action.

**AFFIRMED**.