[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11209

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:00-md-01334-FAM,
1:10-cv-22403-FAM

DERRICK E. ANTELL, M.D.,
ALAN B. SCHORR, M.D.,
FRANK G. TONREY, M.D.,
CARMEN KAVALI, M.D.,
AMERICAN MEDICAL ASSOCIATION,
MEDICAL SOCIETY OF THE STATE OF NEW YORK,
CONNECTICUT STATE MEDICAL SOCIETY,
TEXAS MEDICAL ASSOCIATION,
NORTH CAROLINA MEDICAL SOCIETY,
TENNESSEE MEDICAL ASSOCIATION,
MEDICAL ASSOCIATION OF GEORGIA,
CALIFORNIA MEDICAL ASSOCIATION,
FLORIDA MEDICAL ASSOCIATION,
WASHINGTON STATE MEDICAL SOCIETY,
MEDICAL SOCIETY OF NEW JERSEY,

Plaintiffs - Appellants,

versus

AETNA INC.,
AETNA U.S. HEALTHCARE,
AETNA HEALTH INC., PA, CORP.,
AETNA HEALTH MANAGEMENT, LLC,

AETNA LIFE INSURANCE COMPANY, et al.,

                                              Defendants - Appellees.


                              _____

                                   No. 11-11211
                              Non-Argument Calendar
                              _____

                       D.C. Docket Nos. 1:00-md-01334-FAM,
                                1:10-cv-22373-FAM

STEPHEN HENRY,
JAMES SCHWENDIG,
CARMEN KAVALI,
AMERICAN MEDICAL ASSOCIATION,
CALIFORNIA MEDICAL ASSOCIATION,
MEDICAL ASSOCIATION OF GEORGIA,
CONNECTICUT STATE MEDICAL SOCIETY,
NORTH CAROLINA MEDICAL SOCIETY,

                                              Plaintiffs-Appellants,
                                   versus
WELLPOINT, INC.,

                                              Defendant-Appellee.

                              _____

                   Appeals from the United States District Court
                      for the Southern District of Florida
                              _____
                                (March 26, 2012)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

      Appellants are plaintiffs in lawsuits filed in California and New Jersey

                                       2

attacking the rates used to pay assigned claims for healthcare benefits. In response to these suits, appellees sought relief in the District Court for the Southern District of Florida, the court that had handled the settlement in In Re Managed Care Litig., MDL No.1334. The district court in Florida found that the California and New Jersey suits violated its injunction and ordered that they be withdrawn. That order was appealed to us. On April 21, 2010, we dismissed the appeal for lack of jurisdiction. See Ex. A attached. We stated that the order was not final because there had been no imposition of sanctions for violating the order. Id.

Rather than completing the procedure for testing injunctions (a finding of contempt with the imposition of sanctions), appellants filed these declaratory judgment actions seeking a declaration that their suits in California and New Jersey were not covered by the injunction entered in MDL 1334. The district court dismissed the suits and stated that it had already determined that the suits in question were covered by the earlier injunction. Now, the California and New Jersey plaintiffs appeal that dismissal.

We review such dismissal for abuse of discretion. Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995); Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005); Manuel v. Convergys Corp., 430 F.3d 1132, 1134-35 (11th Cir. 2005). Clearly, there is none. A declaratory judgment action is

3

no substitute for following the established procedure for testing injunctions, to wit: contempt and sanctions.

**AFFIRMED.**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR 21 2010

JOHN LEY
CLERK

_____

No. 09-16302-E

_____

M.D. LEONARD J. KLAY, et al.,

                                        Plaintiffs,

STEPHANIE HIGASHI,
d.b.a. Mar Vista Institute of Health,

                                        Interested Party-
                                        Appellant,

versus

ALL DEFENDANTS, et al.,

                                        Defendants,

CIGNA HEALTHCARE OF CALIFORNIA,
CIGNA INSURANCE SERVICES COMPANY,
CIGNA HEALTHCARE OF SOUTH CAROLINA, INC.,
CIGNA HEALTHCARE OF NEW JERSEY, INC.,
CIGNA HEALTH CARE,
CIGNA HEALTHCARE OF TENNESSEE, INC., et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

Before TJOFLAT, BARKETT, and WILSON, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED for lack of jurisdiction. The district court's December 1, 2009, order adopting the magistrate judge's November 5, 2009, report and recommendation is not a final order because the district court did not impose sanctions on Stephanie Higashi for violating the injunction. *See* 28 U.S.C. § 1291; *Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010). Additionally, the district court's December 1st order is not appealable under 28 U.S.C. § 1292(a)(1) because the district court did not so blatantly misinterpret the injunction as to constitute a modification of the injunction. *See* 28 U.S.C. § 1292(a)(1); *Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 814, 820 (11th Cir. 2010); *Birmingham Fire Fighters Ass'n 117 v. Jefferson County*, 280 F.3d 1289, 1292-93 (11th Cir. 2002).