[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13331
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-20582-KMM

GEICO GENERAL INSURANCE COMPANY, a foreign insurance company,

Plaintiff - Appellant,

versus

MICHAEL J. KASTENOLZ,
as co-personal representative of the
Estate of Emerson Michael Kastenolz,
KATHLEEN KASTENOLZ,
as co-personal representative of the
Estate of Emerson Michael Kastenolz,
CARLOS LACAYO,
BARRY MUKAMAL,
as court appointed receiver for Carlos Lacayo, Kathleen
Kastenholz Michael Kastenholz as co-personal representatives
of the estate of Emerson Michael Kastenholz,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 11, 2016)

Before WILSON, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Geico General Insurance Company appeals the district court's dismissal of its 28 U.SC. § 2201 complaint for declaratory relief. Geico sought a judicial determination that it had no obligation to provide liability insurance coverage for a multi-million dollar wrongful death judgment.

## I

On March 5, 2011, Carlos Lacayo struck and killed five pedestrians while driving his mother's car. At the time, Mr. Lacayo was insured under a liability policy issued by Geico. Under the policy, Geico promised to "defend any suit for damages payable under the terms of this policy," conditioned on Mr. Lacayo's cooperation and assistance in the defense of any claims. One of Mr. Lacayo's victims was Emerson Kastenholz, son of Kathleen and Michael Kastenholz.

Soon thereafter, the Kastenholzes, as co-personal representatives of their son's estate, filed a wrongful death action against Mr. Lacayo in the Circuit Court of Miami–Dade County, Florida. In July of 2011, Mr. Lacayo fled the United States after being charged with DUI manslaughter. Consequently, Mr. Lacayo did not cooperate or assist in the defense of the wrongful death claims against him. Geico defended the lawsuit under a reservation of rights based on Mr. Lacayo's

2

failure to cooperate. In December of 2013, the jury returned a verdict of $15.35 million in favor of the Kastenholzes.

In November of 2014, the Kastenholzes and Barry Mukamal, the state–court appointed receiver for Mr. Lacayo, filed a state court action against Geico and Cole Scott & Kissane, the law firm representing Mr. Lacayo, for bad faith and legal malpractice. In February of 2015, Geico commenced this federal declaratory judgement action seeking a determination that there was no insurance coverage for Mr. Lacayo or the Kastenholzes under the policy. Shortly thereafter, the Kastenholzes amended the pending state court complaint to include a claim for declaratory relief, requesting a determination that the wrongful death judgment was covered under the policy because Geico had failed to satisfy the requirements of the Florida Claims Administration Statute, Fla. Stat. § 627.426, and thereby waived its coverage defense.

The Kastenholzes and Mr. Mukamal then filed a motion to dismiss the federal declaratory judgment action. Finding that that the federal and state–court actions were parallel proceedings and that the existence of insurance coverage was a question best decided by the state court, the district court chose to abstain from exercising its jurisdiction over the declaratory judgement action and granted the motion to dismiss.

## II

We review the dismissal of a complaint seeking a declaratory judgment for abuse of discretion. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995). A district court may abuse its discretion in the following ways:

> [1] when a relevant factor that should have been given significant weight is not considered; [2] when an irrelevant or improper factor is considered and given significant weight; and [3] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Ameritas v. Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (internal quotations and citations omitted). The abuse of discretion standard means that, when deciding a matter, the district court "has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* In the case of declaratory judgment actions, the district court's range of choice is substantial. *Wilton,* 515 U.S. at 277 ("[F]ederal courts [have] unique and substantial discretion in deciding whether to declare the rights of litigants.").

When deciding whether to abstain from exercising jurisdiction over a declaratory judgment action due to parallel state proceedings, a federal court should consider the following factors:

> (1)  the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

4

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331. These factors are neither absolute nor exclusive, and courts may choose how many and which ones to consider. *Id.*

## III

In its analysis, the district court considered eight of the nine factors, omitting the fourth factor. The court concluded that every analyzed factor weighed in the favor of abstention.

5

As an initial matter, much of Geico's argument on appeal relies on the first-filed rule, which "provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). Geico asserts that the first-filed rule applies not only to situations involving parallel federal proceedings, but also when there are parallel proceedings in state and federal courts. Additionally, Geico claims that the first-filed action in the present situation is not the Kastenholzes' state court action for bad faith and misrepresentation, but the declaratory judgment action it filed in federal court. Even if we were to agree with Geico's characterization, the *Ameritas* factors presuppose the existence of a prior filed federal declaratory action. *Ameritas*, 411 F.3d at 1329-1332 (establishing the nine factors for consideration where the plaintiff had filed a federal declaratory action before the defendant filed his state claim). Therefore, to the extent that Geico relies on the actions' chronological order, its argument fails.

In relation to factors two, three, and six, Geico argues that the state court cannot settle all the actions because a bad faith claim under Florida law is not ripe until the issue of coverage has been decided. Instead, Geico asserts that the federal district court can decide all the claims at once by ruling on the existence of coverage. But the Kastenholzes have amended their complaint to include a

6

declaratory judgment claim on the issue of coverage, and the state court has already begun determining the issue of coverage by issuing a partial summary judgment on Geico's compliance with the Florida Claims Administration Statute. Moreover, the district court found that, regardless of its ruling on the issue of insurance coverage, litigation in state court would continue. Thus, allowing multiple proceedings where a state court is capable of resolving all the issues would not further judicial efficiency. Accordingly, we find that the district court did not abuse its discretion in finding that factors two, three, and six favored abstention.

Geico also argues that the district court erred in ruling that factors seven and eight leaned towards abstention. The resolution of the coverage issue will hinge on (1) whether  Mr. Lacayo failed to cooperate with Geico and (2) whether Geico violated the Florida Claims Administration Statute (and thereby waiving any coverage defense). As to factor seven, the answers to these questions are based on factual determinations surrounding the conduct of the relevant actors. Consequently, the underlying factual issues are important to an informed resolution of the case. As to factor eight, the district court found that because litigation between the parties had been in state court for three years, and the relevant questions concern facts occurring during that litigation, the state court was best positioned to address the underlying factual issues. Geico argues that the district

court failed to take into account the differences between the respective actions and that the state court was in no better position to resolve the dispute than was the district court. We conclude, however, that the district court's analysis was within its permissible range of choice. Thus, we find that the district court did not abuse its discretion in finding that factors seven and eight lean towards abstention.

Finally, Geico maintains that the district court erred in determining that factors one, five, and nine weighed in favor of abstention and that "the weight [given to these factors] is far out of proportion with its significance in this case." The district court found that only Florida law governs the substantive issues in the case, and Geico agrees on this point. Additionally, the district court found that Geico's action only has policy implications for Florida insurance contracts, so it concluded that exercising federal jurisdiction would encroach on Florida's strong interest in the resolution of the case. Although the district court found that these factors leaned heavily towards abstention, there is no evidence that it gave them unwarranted weight in relation to the other factors, especially since all the analyzed factors leaned towards abstention. Geico may disagree with these findings, but "[u]nder an abuse of discretion standard, we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard," *Ameritas*, 411 F.3d at 1332. We find no such error here.

**IV**

Accordingly, we affirm the district court's dismissal of Geico's declaratory judgment action.

**AFFIRMED.**