[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12006
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-25359-MGC


KAREN SANTIAGO, individually and on
behalf of all others similarly situated,

                                        Plaintiff-Appellant,

versus

HONEYWELL INTERNATIONAL, INC.,
a Delaware Corporation,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 12, 2019)


Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Karen Santiago ("Santiago") appeals the district court's text order, entered directly on the docket, striking her amended complaint and dismissing her class action lawsuit against Defendant-Appellee Honeywell International, Inc. ("Honeywell") on grounds that Santiago failed to join a "necessary party" to the litigation. Following a careful review of the parties' briefs, relevant parts of the record, and applicable law, we vacate the district court's text order and remand to the district court for further proceedings not inconsistent with this opinion.

## I.

The facts, which are presented here only to the extent necessary to provide context for our decision, are taken from Santiago's complaint. Santiago is a representative of a class of plaintiffs who are or were customers of electric utility provider Florida Power & Light Company ("FP&L"). In 2009, FP&L began the process of replacing existing analog electricity usage meters located on its customers' residences with new digital "smart meters." FP&L hired Honeywell to assist with this process. Among other things, the agreement entered into by FP&L and Honeywell identified Honeywell as an independent contractor with the full power and authority to select the methods, means, and manner of performing its work; provided Honeywell with a payment for each smart meter it installed; and

2

required Honeywell to comply with FP&L's smart meter installation procedures, many of which were aimed at ensuring a safe installation.   FP&L did not retain the right to control or direct the process, nor did FP&L exercise any actual control over the process.

Honeywell eventually installed some 4.3 million smart meters for FP&L at residential properties in the state of Florida.   The parties do not dispute that FP&L, as the utility provider, was authorized to enter those properties pursuant to the FP&L tariff rules for the purpose of installing the smart meters.   Nor do the parties dispute that Honeywell was similarly authorized to enter those properties under its contract with FP&L.  Once on each property, the scope of Honeywell's contracted work involved removing the old analog meter from the "meter can" located at the FP&L customer's residence and, following an inspection for compatibility and safety, connecting the new smart meter to the meter can.  Each FP&L customer owned the meter can located at his or her residence, but FP&L retained ownership of the smart meter after Honeywell installed it.

On behalf of herself and others similarly situated, Santiago filed a complaint against Honeywell alleging one count of negligence and one count of gross negligence.  In particular, Santiago alleged that she and the other class members were "at high risk of suffering damage" resulting from Honeywell's "improper training, supervision, and inspection prior to and during installation" of the smart

3

meters.  Among other things, Santiago asked the district court to declare that Honeywell negligently and grossly negligently failed to warn the class of risks associated with the smart meter installation.  It also asked the district court to compel Honeywell to remove, inspect, photograph, and provide a report on each class member's smart meter, while also enjoining Honeywell from installing future smart meters without first properly training its employees and agents.

Honeywell filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 19.  It argued that Santiago's claims were barred by the applicable statute of limitations; that Santiago had not suffered any injury and thus lacked standing; that Santiago failed to state a claim for which relief could be granted; and that the requested relief could not be granted without FP&L, which the parties agree cannot be joined as a party to a negligence action on account of certain indemnity provisions in the FP&L tariff rules.

Only Honeywell's final argument relating to the required joinder of FP&L is at issue in this appeal.  On this point, Honeywell argued in its motion to dismiss that even though FP&L was not named as a defendant, Santiago referred to FP&L and Honeywell "almost interchangeably" in her complaint.   It argued FP&L was a necessary party under Rule 19(a) because the district court could not afford complete relief without FP&L.  Honeywell noted that ordering the requested injunctive relief without FP&L would require Honeywell to trespass on the

4

property of 4.3 million electric customers and tamper with FP&L's property interest in the smart meters.  And even though FP&L has not yet asserted any interest in this action, Honeywell also argued that FP&L was a necessary party because it could not, without being joined, protect its own business interest in making sure the smart meters were operating properly.  Honeywell also argued under Rule 19(b) that the lawsuit should be dismissed in light of FP&L's inability to be joined because a judgment in its absence would prejudice both FP&L and the parties.  Finally, it also argued that the requested injunctive relief could not be shaped to cure the absence of FP&L; that a judgment rendered without FP&L could not be enforced; and that Santiago had an alternative remedy because FP&L had customer care processes in place to assist with problems resulting from smart meter installations.

In her response to Honeywell's motion to dismiss, Santiago argued that FP&L was not a necessary party under Rule 19(a) because Santiago had not alleged any wrongdoing on FP&L's part.  She also argued that full injunctive relief could be afforded without FP&L, and the requested relief actually would benefit FP&L because it would save FP&L the manpower necessary to inspect the smart meters on its own.  Finally, Santiago also argued that even if FP&L was a necessary party under Rule 19(a), it was not an indispensable party under Rule 19(b) because FP&L would not be prejudiced by the district court requiring

5

Honeywell to do what it had already promised to do for FP&L in the smart meter installation contract.

The parties eventually appeared at a motion hearing before the district court. The majority of the motion hearing focused on Honeywell's arguments regarding the statute of limitations, standing, and Santiago's failure to state a claim. The district court ultimately found that the negligence claims were barred by the statute of limitations; that Santiago lacked standing to proceed as the class representative; and that the complaint failed to state a claim.  It granted Santiago fourteen days to file an amended complaint to remedy these problems, thanked everyone, and stated that the court was in recess.

Honeywell's counsel then reminded the district court that she had not had a chance to discuss the fact that Santiago failed to join FP&L as a party to the litigation. The district court confirmed that the proceeding was still on the record, then participated in a brief discussion with counsel for both parties regarding "whether or not FP&L was a necessary party."  For its part, Honeywell argued that Santiago's failure to join Honeywell provided another reason to dismiss the complaint with prejudice.  It noted that the smart meter project was FP&L's, not Honeywell's; that FP&L owned the smart meters, not Honeywell; and that Honeywell would be trespassing without FP&L's involvement.

6

In response, Santiago began by directing the district court to its written briefing.  Judge Cook then asked Santiago how Honeywell would get into her house (suggesting that she would not let a Honeywell agent inside without FP&L credentials), and Santiago asserted that Honeywell could enter the customers' residences with homeowner permission and perform the remedial work "with Court imprimatur."  Santiago also noted that Honeywell did not have agents from FP&L present for the millions of residences they serviced during the original smart meter installation project.  The district court then observed that Honeywell would still be required to perform the requested repairs in accordance with FP&L's specifications.  Santiago admitted that much was true, but added that this alone did not make FP&L an indispensable party.  In closing, Santiago argued that she was only asking Honeywell to "go do what [it] did the first time without FP&L present at that time, but do it right this time.  The district court then summarily concluded that "FP&L is a necessary party."

The day of the hearing, the district court entered an Order After Hearing granting Honeywell's motion to dismiss "[f]or the reasons stated at the Motion Hearing."  The Order After Hearing noted that the district court had reviewed Honeywell's motion to dismiss, the record, the relevant legal authorities, and the parties' arguments at the motion hearing.  It also gave Santiago fourteen days to

7

file an amended complaint to remedy the pleading problems raised during the motion hearing, including naming FP&L as a party to the proceeding.

Santiago timely filed an amended complaint, which alleged, among other things, that FP&L was not an indispensable party. The district court then sua sponte entered a text order, directly on the docket, noting its earlier determination at the motion hearing that FP&L was a "necessary party." That same text order then struck Santiago's amended complaint because it did not name FP&L as a party and thus failed to meet the requirements of the district court's Order After Hearing. This had the effect of eliminating the conditional nature of the district court's Order After Hearing, which had granted Honeywell's motion to dismiss Santiago's original complaint subject to Santiago's leave to file an amended complaint, and the district court closed the case. Santiago appealed to this Court, and we now consider the question whether the district court erred when it struck Santiago's amended complaint because it failed to name FP&L as a party. For the reasons described below, we conclude that it did.

## II.

This Court "review[s] a district court's decision regarding the joinder of indispensable parties for abuse of discretion." Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1039 (11th Cir. 2014) (citations omitted). Although "we will leave undisturbed a district court's ruling unless we find that the

8

district court has made a clear error of judgment, or has applied the wrong legal standard," a district court may abuse its discretion "when a relevant factor that should have been given significant weight is not considered." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005).

III.

This appeal raises questions regarding the proper application of the required joinder rules under Rule 19 of the Federal Rules of Civil Procedure. The relevant portions of Rule 19 set forth

> a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1279–80 (11th Cir. 2003) (citation omitted). The first part of the two-part Rule 19 analysis focuses on whether a party is a "required part[y] (or 'necessary' part[y] under the old terminology)." Republic of the Phil. v. Pimentel, 553 U.S. 851, 859, 128 S. Ct. 2180, 2186 (2008).[1] A person is a required party—or a necessary party—when (1)

---

[1] See also Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 19, Westlaw (database updated February 2019) ("Though Rule 19 no longer uses the term, absent persons who should be joined if feasible under Rule 19(a) traditionally have been referred to as 'necessary' parties. . . . [T]he more modern term [is] 'required party.' When determining under Rule 19(b) whether to proceed when a required party cannot be joined, courts traditionally

"in that person's absence, the court cannot accord complete relief among existing parties," or (2) where the absent party claims an interest relating to the action, disposing of the action without the absent party may "as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a)(1).

After it is determined that a party is a required party under Rule 19(a), Rule 19(b) then sets forth four nonexclusive factors "that must be examined in each case to determine whether, in equity and good conscience, the court should proceed without a party whose absence from the litigation is compelled."  Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 109, 88 S. Ct. 733, 737–38 (1968).  These four factors include "(1) how prejudicial a judgment would be to the nonjoined and joined parties, (2) whether the prejudice could be lessened depending on the relief fashioned, (3) whether the judgment without joinder would be adequate, and (4) whether the plaintiff would have any alternative remedies

have couched the analysis in terms of whether the absent person is an 'indispensable party.' . . . For modern purposes, the important point is that both terms—'required (necessary) party' under Rule 19(a) and 'indispensable party' under Rule 19(b)—are labels that reflect the court's ultimate conclusions about whether an absent person should be joined and whether the court properly may proceed without such a person if he cannot be joined."); 7 Charles Alan Wright, Arthur R. Miller et al., Federal Practice and Procedure § 1601, Westlaw (database updated November 2018) (noting that the comprehensive 1966 restructuring of Rule 19 aimed "to eliminate formalistic labels that restricted many courts from an examination of the practical factors of individual cases" (citations omitted)).

10

were the case dismissed for nonjoinder." Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 848 (11th Cir. 1999). In connection with this analysis, the Supreme Court has instructed that:

> Whether a person is "indispensable," that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation. . . . Assuming the existence of a person who should be joined if feasible, the only further question arises when joinder is not possible and the court must decide whether to dismiss or to proceed without him. To use the familiar but confusing terminology, the decision to proceed is a decision that the absent person is merely "necessary" while the decision to dismiss is a decision that he is "indispensable." The decision whether to dismiss (i.e., the decision whether the person missing is "indispensable") must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. To say that a court "must" dismiss in the absence of an indispensable party and that it "cannot proceed" without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it had examined the situation to determine whether it can proceed without him.

Patterson, 390 U.S. at 118–19, 88 S. Ct. at 742–43 (emphasis added). In other words, it is not enough to dismiss a lawsuit merely because a party is a required (or necessary) party; the absent party must also be found, after an examination of the Rule 19(b) factors, to be indispensable to the pending litigation. See id.

Although district courts are not required to provide "a full opinion in every case," and the "appropriateness of brevity or length, conciseness or detail, when to

11

write, what to say, depends upon circumstances" and the professional judgment of the district court judge, Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007), we have observed that "findings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation," In re Torcise, 116 F.3d 860, 865 (11th Cir. 1997) (citing Patterson, 390 U.S. at 106, 88 S. Ct. at 736, and Smith v. State Farm Fire and Cas. Co., 633 F.2d 401, 405 (5th Cir. 1980)[2]).  See also Bacardi Intern. Ltd. v. V. Suarez & Co., Inc., 719 F.3d 1, 8–9 (1st Cir. 2013) (finding abuse of discretion where district court "failed to do a required party analysis" and did not "provide reasoned analysis on this required party point" (citing Bakia v. Los Angeles Cnty., 687 F.2d 299, 301–02 (9th Cir. 1982))).

The district court abused its discretion when it struck Santiago's amended complaint because it did not name FP&L as a "necessary party" to the litigation. Assuming without deciding that the district court properly found FP&L to be a required (or "necessary") party under Rule 19(a), that alone was an insufficient basis on which to dismiss Santiago's lawsuit.  Dismissals under Rule 19 also require a determination, pursuant to subsection 19(b), that a required party which cannot be joined is so essential to the litigation that the litigation should not, "in

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

equity and good conscience," proceed without the absent party. The district court's decision to dismiss Santiago's original complaint, subject to a right to amend in fourteen days, was made "[f]or the reasons stated at the Motion Hearing," which included only its finding that "FP&L is a necessary party." Although Rule 19(a) no longer describes parties as "necessary," we take the district court's use of the term "necessary party" in this case as a term of art referring to Rule 19(a) but also necessarily excluding Rule 19(b). See Orff v. United States, 545 U.S. 596, 602–03, 125 S. Ct. 2606, 2610 (2005) (noting that term "'necessary party' is a term of art whose meaning parallels Rule 19(a)'s requirements").

Even assuming we could infer that the district court struck Santiago's amended complaint because it found, without saying so, that FP&L was also an indispensable party under Rule 19(b), we would still be required to find that the district court abused its discretion by failing to base its decision to dismiss on stated factors that should have been given significant weight. As noted above, Rule 19(b) sets forth four nonexclusive factors "that must be examined" before a case is dismissed on account of the absence of a required party. Patterson, 390 U.S. at 109, 88 S. Ct. at 737–38. And although the case involved a district court's failure to conduct a required party analysis under Rule 19(a), we find the reasoning of the First Circuit's opinion in Bacardi, 719 F.3d 1, persuasive as to the Rule 19(b) questions raised by this case. Like the district court in Bacardi, the district

13

court here failed to provide any reasoned analysis regarding the question whether FP&L was an indispensable party under Rule 19(b).  See id. at 8–9.  This lack of any reasoned analysis makes it impossible for this Court to determine whether the district court properly dismissed Santiago's lawsuit under Rule 19.  Accord Patterson, 390 U.S. at 119, 88 S. Ct. at 743 ("[A] court does not know whether a particular person is 'indispensable' until it had examined the situation to determine whether it can proceed without him."); In re Torcise, 116 F.3d at 865 ("[F]indings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation.").

Although the district court did briefly discuss at the motion hearing how FP&L's presence might help Honeywell carry out the requested remedial work— e.g., that FP&L credentials would help Honeywell agent's gain access to FP&L customers' property—nothing in that brief discussion adequately addressed any of the mandatory equitable factors identified in Rule 19(b).  Put another way, the district court's questions and comments during the motion hearing focused on the separate Rule 19(a) question whether the district court could "accord complete relief among existing parties" without FP&L's involvement in the remedial work. Fed. R. Civ. P. 19(a)(1)(A).  Although we pass no judgment on exactly how much the district court should have said about why it found FP&L to be an indispensable party (either at the motion hearing, in the Order After Hearing, or in the text order

14

entered directly on the docket), we do conclude that what it said in this particular case was not enough.  We find further support for this conclusion in the fact that Santiago alleged, in several paragraphs at the end of her amended complaint, that FP&L was not an indispensable party.  These allegations should have put the district court on notice that a more robust Rule 19 analysis was required.  Thus, based on our careful review of the record, it is apparent that the district court improperly relied on an incomplete conclusory label and ultimately did not do what Rule 19 clearly requires a court to do: undertake an examination of the practical and equitable factors actually raised by the absence of a particular party in the case before it.

Given our finding that the district court abused its discretion by not undertaking a complete Rule 19 analysis (or by otherwise failing to adequately explain why FP&L was an indispensable party), we are left to decide how to best dispose of this appeal.  Although the parties encourage this Court to make a final Rule 19 determination one way or the other on appeal, we prefer to remand the case to the district court to allow it to make a complete Rule 19 determination in the first instance.  See Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 & n.15 (11th Cir. 2010) (remanding to allow district court to make determination in the first instance under Federal Rule of Civil Procedure 11(b) in case involving the Private Securities Litigation Reform Act).  We find this approach particularly

15

appropriate here—especially in a class action lawsuit potentially involving 4.3 million Florida homeowners—given this Circuit's emphasis that "pragmatic concerns, especially the effect on the parties and on the litigation," should control Rule 19 dismissals.  Should it continue in FP&L's absence, the district court will be closest to the class action litigation between Santiago, the other class members, and Honeywell.  And if relief is to be shaped to accommodate for FP&L's absence, the district court will be casting the mold.  Consequently, the district court should be the first to deliver a reasoned opinion as to whether FP&L is both a required party under Rule 19(a) and, "in equity and good conscience," also is an indispensable party as contemplated by Rule 19(b).

## IV.

Accordingly, the district court's endorsed text order, entered directly on the docket at ECF No. 58, is hereby VACATED and the case is REMANDED to the district court with instructions to re-open the case and conduct further proceedings not inconsistent with this opinion.

VACATED and REMANDED.