[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10767

Non-Argument Calendar

_____

HAWK INNOVATIVE TECH, LLC,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:21-cv-00188-TCB

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Hawk Innovative Tech, LLC ("Hawk"), appeals the district court's grant of the United States' motion to dismiss in this action for a declaratory judgment. On appeal, Hawk argues that the district court erred when it mistakenly believed that Hawk was seeking to enjoin a criminal prosecution.

Agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") executed a search warrant at the headquarters of Appellant Hawk on April 14, 2021. The warrant established probable cause to believe that various statutes were being violated and authorized the seizure of silencers, firearms mounted with silencers, items used to manufacture and test silencers, and related documents. Subsequently, the ATF initiated administrative forfeiture proceedings. After Hawk owner Wayne Hawkins filed an action to return the seized property, the government filed two civil forfeiture suits.[1] The district court dismissed Hawkins's action because he had an adequate legal remedy in the civil forfeiture proceeding.

Upon the dismissal of Hawkins's action, Hawk filed this action seeking a declaratory judgment that the items that it produces are not illegal. The government filed a motion to dismiss, which

---

[1]    Both of the civil forfeiture proceedings have been stayed because of the ongoing criminal investigation.

the district court granted.  In so doing, the court analogized Hawk's action to one that seeks to restrain a criminal prosecution.  Such an action will not be granted, the court noted, if the moving party has an adequate legal remedy and will not suffer irreparable harm if equitable relief is denied.  The court held that Hawk had not raised any convincing arguments that any criminal prosecution combined with the civil forfeiture actions would fail to provide it with an adequate legal remedy, and it made no "compelling" argument that it will suffer irreparable harm.

We review the district court's dismissal of this action for abuse of discretion.  *Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014).  The Declaratory Judgment Act provides federal courts with a "unique and substantial discretion in deciding whether to declare the rights of litigants." *Stevens v. Osuna*, 877 F.3d 1293, 1311 (11th Cir. 2017) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137 (1995)).  Courts are not required to grant the new form of relief the Act provided, even when they have subject matter jurisdiction.  *Id.*  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* (quoting *Wilton*, 515 U.S. at 288, 115 S. Ct. 2137.  One of the factors that this court has identified for consideration in determining whether to grant a declaratory judgment is whether "there is an alternative remedy that is better or more effective." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005).

Here, the district court analogized this action to one that seeks to restrain a criminal prosecution. That is because the declaration that Hawk seeks is that its conduct was not illegal—the ultimate issue that will arise in any criminal prosecution from the ongoing investigation. While technically this is an action for declaratory relief, the declaration sought would provide a defense to any prosecution arising out of the ongoing investigation. And, as the district court found, Hawk had made no showing of irreparable harm, and has an adequate legal remedy in the pending forfeiture actions and any criminal prosecution. Because the pending forfeiture proceedings or a criminal prosecution will be the appropriate venue to test Hawk's argument, the district court did not abuse its discretion when it dismissed this action.

AFFIRMED.