DO NOT PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12793
Non-Argument Calendar
_____

D. C. Docket No. 9:12-cv-80181-KMW

SCOTT STORICK,

Plaintiff-Appellant,

versus

CFG, LLC, a foreign limited liability corporation,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____


(January 31, 2013)


Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Scott Storick appeals the district court's order granting CFG, LLC's (CFG) Motion to Dismiss his amended complaint brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.  The district court declined to exercise jurisdiction over Storick's declaratory judgment action due to a parallel garnishment proceeding in the Superior Court of the State of Delaware.  On appeal, Storick contends the dismissal of his case was improper.[1]

We review the district court's dismissal of a declaratory judgment action for an abuse of discretion.  *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).  "[W]e will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  *Id.*

A district court has discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  *Wilton v. Seven Falls Co.*, 115 S. Ct. 2137, 2140 (1995).  In fact, the Supreme Court has stated "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Brillhart v. Excess Ins. Co. of Am.*, 62 S. Ct. 1173, 1175-76 (1942).  This Court has provided nine

---

[1] Because we affirm the district court's dismissal of Storick's amended complaint, we need not consider his argument regarding the *Rooker-Feldman* doctrine.

2

non-exhaustive factors to guide district courts in determining "whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts."  *Ameritas*, 411 F.3d at 1331 (quotations omitted).

Storick cannot establish an abuse of discretion by the district court.  The district court thoughtfully applied the guideposts set forth in *Ameritas* and concluded the overall balance of the factors solidly supported abstention.  We agree with the district court's conclusion, and affirm for the reasons stated in the district court's well-reasoned order.  We note that although Storick accuses CFG of "procedural fencing" by obtaining a confession of judgment in Delaware, Storick expressly agreed to allow CFG to confess judgment in Delaware for a long-standing debt he admits he owes.

**AFFIRMED.**[2]

---

[2] We deny Storick's "Motion to Supplement Record on Appeal," construed as a motion to take judicial notice of the June 12, 2012, orders filed in the Superior Court of the State of Delaware.