[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10563
Non-Argument Calendar

_____

D.C. Docket No. 9:20-cv-80126-RLR

In Re: SCOTT STORICK,

Debtor.

_____

SCOTT STORICK,

Plaintiff-Appellant,

versus

CFG, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2021)

Before WILLIAM PRYOR, Chief Judge, NEWSOM and ANDERSON, Circuit
Judges.

PER CURIAM:

Scott Storick appeals an order affirming the summary judgment in favor of CFG, Inc., and against his adversary complaint against the company in his second bankruptcy proceeding. Storick sought a declaratory judgment that a debt he owed CFG was dischargeable. The bankruptcy court ruled that equitable defenses barred Storick's complaint because "[t]he non-dischargeability of the CFG Debt ha[d] been determined by prior court order and confirmed by [his] conduct over the course of many years of complex litigation in two states." The district court affirmed that the doctrine of laches and that equitable estoppel barred Storick's request for a discharge of his debt to CFG. We affirm.

In 2007, CFG, a Delaware corporation, loaned Storick $743,548.47. Storick defaulted on the loan, and CFG sought a judgment against him for $560,862.06. A Delaware court entered judgment against Storick on July 31, 2009. The Delaware court scheduled a hearing to enter a final judgment on August 4, 2009, but that day, Storick filed a petition under Chapter 7 of the Bankruptcy Code in the district court. On September 25, 2009, the Delaware court entered a final judgment against Storick's company, Storick & Associates, and stayed the action against Storick.

In June 2010, CFG and Storick moved jointly for the bankruptcy court to approve their settlement agreement. The motion stated that CFG and Storick

2

"agree[d] [his debt] is nondischargeable." Their amended settlement agreement

also classified the debt as nondischargeable:

> 4.    **CFG DEBT NON-DISCHARGEABLE:** The Debtor agrees that the CFG Debt is a non-dischargeable debt pursuant to the provisions of 11 U.S.C. Section 523(a), which debt shall be excepted from the Debtor's discharge granted pursuant to the provisions of 11 U.S.C. Section 727 in this Bankruptcy Case or any future bankruptcy case in which Storick is a debtor. Any order entered by the Bankruptcy Court approving this Agreement shall include a provision excepting the CFG Debt from the Debtor's discharge in his Bankruptcy Case in accordance with the foregoing sentence.

Storick also agreed that CFG could reduce the debt to an enforceable judgment:

> 5.    **CONFESSION OF JUDGMENT:** Debtor hereby irrevocably appoints and constitutes CFG as Debtor's duly appointed attorney-at-law to appear in open court in the Superior Court for the City of Wilmington, Delaware, or in any other court of competent jurisdiction, and to confess judgment pursuant to the provisions of Title 10 Section 4732 of the Delaware Code, as amended, against Debtor for all principal and interest and any other amounts due and payable under this Agreement. This power of attorney is coupled with an interest and may not be revoked and/or terminated by the Debtor. This power of attorney shall not be revoked and/or terminated by virtue of the death or disability of the Debtor. No single exercise of the power to confess judgment shall be deemed to exhaust this power of attorney.

The bankruptcy court "approved and incorporated" the amended agreement, and its

order stated that "CFG LLC is granted stay relief to proceed as provided in the

Amended Agreement. . . ." On August 4, 2010, the bankruptcy court granted

Storick a discharge in his Chapter 7 case.

On July 16, 2010, CFG sought a confessed judgment against Storick in a

Delaware court. Storick received notice of the hearing for the judgment, but he did

3

not object to the notice or appear for the hearing. On August 20, 2010, the Delaware court entered a judgment against Storick and for CFG "in the amount of $569,700.05, consisting of $540,000 in unpaid principal and $29,7005.05 in accrued interest as of . . . July 15, 2010 . . . ."

In 2011, CFG sought to execute the judgment against Storick and his company. The Delaware court scheduled the matter for a hearing on January 13, 2012, and Storick again did not object or appear. After CFG served a writ of attachment for Storick's employers to garnish the more than $1 million he earned annually, Storick moved to stay attachment. On January 12, 2012, Storick withdrew his motion to stay, and his employer put some of his wages in escrow. But in April 2012, Storick moved the Delaware court to vacate its judgment and the writs of attachment.

In the meantime, Storick filed a complaint against CFG in the district court. Storick sought a declaratory judgment that his wages were exempt from garnishment, *see* Fla. Stat. § 222.11, and that Florida law prohibited confessed judgments. On motion by CFG, the district court dismissed Storick's complaint based on the parallel proceeding in the Delaware court. We affirmed in an unpublished opinion "for the reasons stated in the district court's well-reasoned order" and mentioned that "Storick [had] expressly agreed to allow CFG to confess

4

judgment in Delaware for a long-standing debt he admits he owes." *Storick v. CFG, LLC*, 505 F. App'x 883, 884 (11th Cir. Jan. 31, 2013).

In May 2013, when CFG moved to release the garnished wages from escrow, Storick opposed the motion. Storick argued that his settlement agreement was governed by Florida law, that state law prohibited confessed judgments, and that his wages as a head-of-family were exempt from garnishment, *see* Fla. Stat. § 222.11. The Delaware court rejected Storick's arguments, and he appealed, without success, to the Superior Court and then to the Delaware Supreme Court, which ruled, in an unpublished opinion, that Storick had "waived his right to challenge execution of the Delaware judgment . . . on a debt which he continues to admit he owes" by failing to object to or to appear at the hearing on the writ of execution. *Storick v. CFG LLC*, No. 472, 2014 (Del. Mar. 30, 2015).

In May 2018, Storick commenced a second bankruptcy proceeding in the district court and filed the adversary complaint that is the subject of this appeal. Storick argued that his debt to CFG was dischargeable because the company filed no "adversary complaint in [his] Prior Bankruptcy Case to . . . determin[e] the dischargeability of [the] Debt pursuant to 11 U.S.C. § 523(a)" or "11 U.S.C. § 727" and their amended settlement agreement did not address nondischargeability under the two provisions. CFG filed a motion to dismiss, which the bankruptcy court treated as a motion for summary judgment. The

bankruptcy court ruled that the doctrines of laches, equitable estoppel, and res judicata barred Storick's complaint and that his argument to discharge his debt lacked merit.

The district court affirmed on the grounds that the doctrine of laches and equitable estoppel barred Storick's complaint. The district court "agree[d] with the Bankruptcy Court that rarely is there 'a more clear-cut situation demanding the application of laches than in the instant case" where Storick, despite "*numerous* opportunities . . . [in which he contested] collection of the debt," failed to challenge its nondischargeability, and where CFG "undoubtedly . . . 'has been (and continues to be) unduly prejudiced by Storick's ten-year delay in seeking declaratory relief that directly contradicts the explicit terms of the Amended Settlement.'" Equitable estoppel also applied, the district court ruled, because Storick and CFG agreed the debt was nondischargeable and CFG reasonably relied to its detriment on Storick's assent to the judgment and his failure to challenge the nondischargeability of his debt in earlier litigation.

We review *de novo* a summary judgment. *In re Delco Oil, Inc.*, 599 F.3d 1255, 1257 (11th Cir. 2010). Summary judgment is appropriate when there exists no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Storick argues, for the first time, that "[e]quitable defenses are simply to the strictly legal and statutory determination of whether . . . the CFG Debt was properly excepted from discharge," but this argument fails. Bankruptcy courts "are essentially courts of equity," *Katchen v. Landy*, 382 U.S. 323, 327 (1966), "and their proceedings inherently proceedings in equity," *Local Loan Co. v. Hunt*, 292 U.S. 234, 240 (1934). And equitable defenses apply to actions for declaratory judgments. *Abbott Labs. v. Gardner*, 387 U.S. 136, 155 (1967). Because Storick sought a declaratory judgment, which is an equitable form of relief, CFG could "interpose," *id.*, and prevail on summary judgment based on equitable defenses.

Storick also argues that laches does not bar his adversary complaint, but we need not address that argument because we can affirm on the alternative ground stated by the district court. Before we will reverse a "judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Storick maintains that "equitable estoppel do[es] not bar the litigation" of his adversary complaint, but "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority, *id.* at 681. Storick does not dispute that he agreed in the settlement agreement with CFG that his debt was nondischargeable, that he failed to contest

entry of the confessed judgment or to raise the issue of nondischargeability in his litigation in the Delaware and Florida courts, and that CFG reasonably relied on Storick's conduct to its detriment. Because Storick "fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* at 680.

We **AFFIRM** the summary judgment in favor of CFG, LLC.