**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12302
Non-Argument Calendar
_____

MICHAEL MOORE,

Plaintiff-Appellant,

versus

SOUTHERN COMPANY,
CHRIS WOMACK,
ALABAMA POWER,
JEFF PEOPLES,
GEORGIA POWER,
KIM GREENE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:24-cv-01394-ACA

_____

Before BRANCH, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Michael Moore, appearing *pro se*, filed a civil action against his utility power company and various Alabama state officials and entities. After the district court found that his complaint was a shotgun pleading, the court dismissed the claims without prejudice to allow Moore the opportunity to amend his complaint. Moore filed an amended complaint, but the district court determined that his amended complaint was still a shotgun pleading and once again dismissed the claims without prejudice. Moore argues that the district court erred because his amended complaint sufficiently stated his claims for relief. After careful review, we determine that the district court did not err in dismissing the complaint, and we affirm.

## I.    Background

Moore made a request to establish electric power service through Alabama Power.[1] However, before the utility would provide service, it requested that Moore pay off previous debts that he contended were not his responsibility. Moore refused, and Alabama Power in turn declined to provide power to the home. Moore then filed a complaint with the Alabama Public Service Commission, which issued a final order resolving the complaint in July 2023. Dissatisfied with that resolution, Moore, proceeding *pro se* and *in forma pauperis*, filed suit in federal district court. Moore's

---

[1] Because this case was dismissed as a shotgun pleading, we review that decision for an abuse of discretion and recite the facts as alleged for context. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

initial complaint listed 11 counts against various defendants associated with Alabama Power and against numerous state officials in Alabama. Broadly, the counts alleged that the defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 and 1964(c), and violated Moore's civil rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, and various state-law claims. Moore sought damages and injunctive relief.

The district court *sua sponte* dismissed Moore's complaint without prejudice. As to the claims against the state officials, the court determined that the officials were immune under the Eleventh Amendment. The court also denied Moore's request for injunctive relief because Moore failed to comply with Federal Rule of Civil Procedure 65(c). Finally, the court found that the remaining counts consisted of "vague and conclusory allegations" and was thus a shotgun pleading. Accordingly, it dismissed the remaining counts to provide Moore an opportunity to replead in accordance with the federal rules. In doing so, the district court explained the pleading deficiencies in the complaint and what Moore needed to do to fix them.

Moore filed an amended complaint. In it, Moore claimed that Alabama Power, along with its parent, Southern Company, and Alabama state officials oversaw a monopoly that engaged in fraud and racketeering by denying Moore and others electricity

service.  The utility did so, Moore alleged, by extorting him and others with demands that they pay past due bills they did not owe.

The amended complaint included ten counts.  Count 1 alleged RICO violations by Southern Company, its affiliates, and some state officials.  Count 2 incorporated the allegations of Count 1 against other Alabama state officials.  Count 3 sought declaratory relief that the Alabama Public Service Commission violated Moore's First, Fifth, and Fourteenth Amendment rights by permitting Alabama Power to function as a "private court" in attempts to collect payments from Moore.  Count 4 asserted a claim for monetary damages based on the facts contained in Count 3.  Count 5 reincorporated the allegations of Counts 3 and 4 and accused state officials of conspiring with Alabama Power to establish "unconstitutional private courts" for debt collection. Count 6 asserted a state-law claim for breach of statutory duty to provide Moore with electricity.  Count 7 reiterated the facts of Count 6, adding that state officials conspired with Alabama Power to violate the utility's duty to provide electricity to Moore.  Count 8 repeated the claims from Counts 5, 6, and 7, while stating various alleged constitutional violations that occurred in Moore's proceedings before the Alabama Public Service Commission. Count 9 rehashed Moore's claims about Alabama Power's "lack of jurisdiction" to collect debts.  And in Count 10, Moore claimed that Alabama Power and members of the Public Service Commission were not permitted to deny Moore's request for electric service.

After reviewing Moore's amended complaint, the district court once again dismissed Moore's claims without prejudice because the amended complaint was a shotgun pleading. The court observed that Moore "failed to comply with the court's order to replead his complaint" because the complaint "did not separate into different counts each cause of action or claim for relief." Thus, the court determined that dismissal was appropriate due to Moore's failure to comply with its prior order. Moore timely appealed.

## II.    Discussion

On appeal, Moore argues that the district court erred in dismissing his amended complaint because it stated plausible claims for relief that gave adequate notice to the defendants about the charges. He claims that the court's order did not fully address every count but dismissed them all the same. To the extent his complaint did not comply with the court's rules, Moore argues that he should have received leeway given he represented himself *pro se*. Moore also contends that the district court did not comply with Federal Rule of Civil Procedure 58(a) because the court did not separate its final order into an order and a memorandum.

We review a district court's decision to dismiss a complaint as a shotgun pleading for an abuse of discretion. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Similarly, we review a district court's dismissal for failure to comply with the court's rules for abuse of discretion. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Under this standard, we affirm these decisions "unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1332 (11th Cir. 2005).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov*, 986 F.3d at 1324. Rule 8 requires that the complaint set forth "a short, plain statement of the claim" that explains why the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10 further provides that these claims must be stated in numbered paragraphs that are each limited to a single set of circumstances, to the degree practicable. Fed. R. Civ. P. 10(b). Failure to follow these rules results in a shotgun pleading that "waste[s] scarce judicial resources, inexorably broaden[s] the scope of discovery, wreak[s] havoc on appellate court dockets, and undermine[s] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted and alteration adopted).

We have recognized that shotgun pleadings come in four categories: (1) "complaint[s] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[;]" (2) "complaint[s] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;]" (3) complaints that do not separate each claim for relief into a different count; and, (4) complaints that "assert[] multiple

claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. The common theme among these pleadings is that they fail to give "defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

To be sure, the court liberally construes documents filed *pro se*, and "however inartfully pleaded, [such a complaint] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). But under these less stringent standards, a complaint must still comply with the federal rules for pleading, regardless of whether a plaintiff was represented by counsel. *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022).

When a plaintiff files a shotgun pleading, "the district court should strike the pleading and instruct [the plaintiff] to replead the case . . . . even when the other party does not move to strike the pleading." *Jackson v. Bank of Am.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) (citations and quotations omitted); *see also Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (explaining that generally, where a more carefully drafted complaint might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice). In dismissing the improper shotgun pleading, the district court should explain how the pleading violated the shotgun rule so that

the plaintiff can remedy those issues in his next pleading. *Vibe Micro*, 878 F.3d at 1296. If the plaintiff files an amended complaint, but fails to correct the pleading deficiencies, then the district court may dismiss the complaint, and may do so with prejudice if the plaintiff fails to request leave to amend. *See id.*

Finally, Rule 58 of the Federal Rules of Civil Procedure requires that "every judgment . . . must be set out in a separate document . . . ." Fed. R. Civ. P. 58. But when a party chooses to appeal an order before a final judgment disposing of a case is entered, he cannot then invoke Rule 58 to prevail on a "mere technicalit[y]." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 386 (1978) (discussing Rule 58's function in streamlining the appellate process's timing). When neither party is misled or prejudiced in the appeal by the lack of a separate opinion and judgment, the court can find that requirement waived. *Id.*

With the framework in mind, we turn to Moore's claims. The district court did not abuse its discretion in dismissing the amended complaint without prejudice as a shotgun pleading. The amended complaint consistently repeats the same allegations in separate counts when those allegations should have been combined into single counts, violating Rule 8(a)(2). As just one example, Count 9 largely repeats the same claims as Count 3 about Alabama Power's authority to collect debts. These repetitions undermine both the defendant's and the court's abilities to understand why the plaintiff believes he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). When the complaint does list single counts,

it fails to separate out causes of action or claims for relief, violating Rule 10(b).  Considered as a whole, the amended complaint does not provide the defendants with knowledge of the claims against them or the basis for those claims.  As a result, the district court did not err in characterizing the complaint as a shotgun pleading and dismissing it without prejudice.  *Weiland*, 792 F.3d at 1323.[2]

Moore argues that the dismissal was improper because, while the district court's order explained the deficiencies in Counts 1, 3, 4, 5, 6, 8, and 10, it did not specifically address Counts 2, 7, or 9.  But the district court discussed the complaint as a whole and explained how it was a shotgun pleading.  And, as the court concluded the entire pleading was a shotgun pleading in violation of the federal rules, it was within its power to dismiss the entire complaint.  *Vibe Micro*, 878 F.3d at 1296.

Further, the fact that the dismissal was without prejudice undermines Moore's allegations of abuse of discretion.  *See McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) ("A district court will rarely be found to have abused its discretion in dismissing

---

[2] Similarly, because Moore failed to comply with the district court's prior order to rectify the deficiencies in his complaint, the district court did not abuse its discretion in dismissing the amended complaint without prejudice for failure to comply with its prior order.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that dismissal under Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

without prejudice because the plaintiff is ordinarily permitted to simply refile.").  By allowing Moore a second chance to refile his claims, the district court already provided double the leeway to replead that represented parties must receive.  *See Vibe Micro, Inc.*, 878 F.3d at 1295 ("[W]e have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies.")

Finally, the district court was not required to file a separate document containing the judgment under Rule 58.  The court issued a final order dismissing the case without prejudice.  As the Supreme Court has observed, Rule 58 provides clarity for when the window to file an appeal is open.  *See Bankers Tr. Co.*, 435 U.S. at 386 (1978).  Even if we accept Moore's Rule 58 technicality argument for the sake of discussion, Moore timely appealed—thus, he was not prejudiced by the lack of a separate judgment under Rule 58.  *See id.* at 387.

### III.    Conclusion

The district court did not err in finding Moore's amended complaint was a shotgun pleading and dismissing the complaint without prejudice.

**AFFIRMED**.