**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14071

Non-Argument Calendar

_____

ALI ABDULSAMAD,

*Plaintiff-Appellant,*

*versus*

DIRECTOR, GEORGIA BUREAU OF INVESTIGATION,
SERGEANT GILBERTO LORENZO,
　Supervisor, Internal Affairs, Gwinnett County Police Department,
DETECTIVE JOHN MUTCH,
　Gwinnett County Police Department,
SERGEANT MARSHALL,
　Internal Affairs, DeKalb County Police Department,
DETECTIVE HAMMER,
　DeKalb County Police Department, et al.,

*Defendants-Appellees,*

CHIEF, GWINNETT COUNTY POLICE DEPARTMENT, et al.,

*Defendants.*

—————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-04223-LMM

—————————————

Before JORDAN, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Ali Abdulsamad, proceeding pro se, appeals the district court's dismissal without prejudice of his first amended complaint as a shotgun pleading. He argues that the district court (1) abused its discretion by dismissing his complaint and disregarding his evidence of unauthorized surveillance, (2) penalized him for complying with its order to replead, (3) erred in concluding that amendment would be futile, and (4) failed to liberally construe his pro se filings. He also argues that cumulative errors and bias warrant reassignment to a different district judge. After careful review, we affirm.

Separately, Abdulsamad has moved to supplement the record and for the Court to take judicial notice or order in camera review of an FBI document. We deny his motion.

**I.**

This case arises from Abdulsamad's allegations of unlawful surveillance and harassment by an ex-girlfriend. Abdulsamad alleges that his ex-girlfriend is a senior CIA official who lives in Germany and coordinated with others to plant surveillance cameras in his Georgia home. She allegedly has used her surveillance of him

to conspire with others to break into his car, tow his car, hit his car, make discriminatory remarks to him while he is driving for Uber, publish private details of his life on social media, steal skincare cream from his mailbox, tamper with his hair treatment medication, hack his Uber account, hack his phone, and suspend his license under the designation "Super Speeder" even though he had paid his speeding ticket.

Abdulsamad has also sued various law enforcement officers at the local, state, and federal level, alleging that they have been conspiring with his ex-girlfriend to harass him. The alleged harassment includes stopping him for immigration interviews in foreign and domestic airports, characterizing him as mentally ill and paranoid, refusing to let him enter the FBI building in Washington, D.C. even though he had driven there to file a formal complaint, and ignoring official complaints that Abdulsamad filed about the surveillance and harassment.

Abdulsamad's initial complaint asserted several causes of action against numerous defendants. Abdulsamad also moved for a preliminary injunction. The district court denied the motion, explaining that Abdulsamad had not addressed the required factors of a preliminary injunction. The court also struck Abdulsamad's complaint as a shotgun pleading because it was impossible to discern which claims and allegations applied to which defendants. The court granted him thirty days to file an amended complaint, instructing him to assert each claim in a separate count, specifically

connect each claim with an individual defendant, connect his factual allegations to specific elements of each cause of action, and not incorporate other pleadings or exhibits by reference.

Abdulsamad timely filed an amended complaint that again alleged that he had suffered years of unlawful surveillance, intimidation, and obstruction of justice by his ex-girlfriend as well as federal, state, and local law enforcement. He alleged that these defendants violated his federal and state rights and sued them under a myriad of federal and state causes of action, including several criminal statutes. In his first count, for example, he alleged that his ex-girlfriend was conspiring with local, state, and federal law enforcement to surveil, intimidate, and retaliate against him in violation of the First, Fourth, Fifth, and Fourteenth Amendments, also citing 42 U.S.C. §§ 1983 and 1985, 50 U.S.C. § 1809, and Georgia Code §§ 16-11-62, 16-10-20, and 45-15-10. In the following counts, he alleged that other defendants retaliated against him and falsely characterized him as mentally ill, consistently returning to his claim that each incident was part of a larger pattern or conspiracy linked with his ex-girlfriend. He incorporated all prior paragraphs in his final count and attached hundreds of pages of exhibits to his complaint. Abdulsamad also filed an emergency motion for a temporary restraining order and preliminary injunction.

The court dismissed the first amended complaint without prejudice as a shotgun pleading and for failing to state a plausible claim. The court explained that Abdulsamad's allegations de-

scribed what appeared to be lawful interactions, which Abdulsamad had "infused with unreasonable suspicion." Doc. 24 at 5. The court accordingly denied his emergency motion as moot.

Abdulsamad filed another emergency motion for a TRO and preliminary injunction as well as a second amended complaint. The district court denied his emergency motion as moot and stated that it would not reconsider its previous order dismissing the case. The court added that Abdulsamad had attempted to file his second amended complaint without leave of court and that those filings carried the same deficiencies as his previous ones.

Abdulsamad appealed the district court's dismissal.

He has also moved this Court for leave to file a supplemental appendix and for judicial notice. The supplemental appendix contains a two-page letter from the FBI notifying Abdulsamad that there are media files and 45 pages of records that are potentially responsive to his Freedom of Information/Privacy Act request.

## II.

We "review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Discretion means that the district court has "a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005)

(quoting *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005)). Applying this standard, we will reverse only upon finding that the district court made "a clear error of judgment" or "applied the wrong legal standard." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)).

## III.

After explaining why the district court did not abuse its discretion in dismissing Abdulsamad's first amended complaint, we discuss why we deny Abdulsamad's motion to supplement the record and for judicial notice.

### A.

The district court did not abuse its discretion in dismissing Abdulsamad's first amended complaint because it was a shotgun pleading. A shotgun pleading violates Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021), and fails to give a defendant "adequate notice of the claims against him and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (citation modified). If a district court determines that a complaint is an impermissible shotgun pleading, the court ordinarily has the power to dismiss it after pointing out the defects in the complaint and giving a litigant a chance to replead. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–59 (11th Cir. 2018) (citation modified).

Abdulsamad argues that the district court erred in four ways. First, he argues that the court erred by dismissing his complaint as fanciful and delusional while disregarding his evidence of unauthorized surveillance. Second, he argues that the court abused its discretion by demanding factual particularity and then penalizing Abdulsamad for complying. Third, he argues that the court erred in concluding that further amendment would be futile. Fourth, he argues that the court failed to liberally construe his pro se filings. We disagree.

The district court did not abuse its discretion by dismissing Abdulsamad's first amended complaint as a shotgun pleading. District courts have "inherent authority to control their docket." *Weiland*, 792 F.3d at 1320 (citation modified). This authority includes the power to dismiss a complaint on shotgun pleading grounds. *Id.* A shotgun complaint is a complaint that: (1) realleges previous allegations in each count so that "the last count [is] a combination of the entire complaint"; (2) makes factual allegations "replete with conclusory, vague, and immaterial facts"; (3) fails to separate each cause of action or claim for relief into a different count; or (4) alleges multiple claims against multiple defendants without identifying which defendants are responsible for which claims. *Id.* at 1321–23.

Abdulsamad's first amended complaint exhibits at least three of these characteristics. For example, the complaint relies on conclusory, vague, and immaterial facts, such as the baseless assertion that his ex-girlfriend has placed cameras in his home, or that

she is coordinating with multiple levels of law enforcement to harass him. *See id.* at 1322. His complaint also fails to separate each claim for relief into a different count. *See id.* at 1323. For example, the complaint asserts multiple constitutional, federal statutory, and state law claims in the first count. And, his complaint alleges multiple claims against multiple defendants in a single claim without identifying which defendants are responsible for which claims. *See id.* at 1323.

Not only was the district court correct that his first amended complaint was a shotgun pleading, but also the court followed the proper procedure before dismissing his case by giving him a chance to replead his initial complaint. If a district court determines that a complaint is an impermissible shotgun pleading, the court ordinarily has the power to dismiss after pointing out the defects in the complaint and giving a litigant a chance to replead. *Jackson*, 898 F.3d at 1357–59 (citation modified). The court did so here, giving Abdulsamad a chance to replead and explaining why his initial complaint was a shotgun pleading. If Abdulsamad had followed the district court's instructions for properly drafting a complaint, he could have avoided submitting another shotgun pleading. Because his first amended complaint remained a shotgun pleading, the court had the power to dismiss it.

Nor did the district court abuse its discretion in requiring a pro se litigant like Abdulsamad to follow procedural rules when drafting his complaint. Abdulsamad maintains that the district

court should not have dismissed his first amended complaint because, liberally construed, the complaint is properly pleaded. It is true that federal courts liberally construe pro se pleadings, *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citation modified), but this liberal construction does not exempt pro se litigants from complying with applicable procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). One of those rules instructs that a complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). Abdulsamad's conclusory allegations and ambiguously grouped legal claims do not satisfy this standard. The district court therefore did not abuse its discretion in dismissing Abdulsamad's pro se complaint.

Finally, we reject Abdulsamad's contention that the district court erred by concluding that further amendment would be futile. His contention rests on an incorrect understanding of the procedural history. The district court did not hold that amendment would be futile. Instead, the court stated that Abdulsamad was not granted leave to file a second amended complaint. We thus reject this ground for appeal.

*B.*

We also deny Abdulsamad's motion to supplement the record, take judicial notice of, or order in camera review of an FBI response to his FOIPA request. The FBI response is a two-page letter informing Abdulsamad that the FBI has located documents and media that are potentially responsive to his FOIPA request. In his

motion, Abdulsamad argues that this document is a "missing link" that confirms his suspicions of surveillance and conspiracy and refutes any claim that he is mentally ill. Dkt. 14-1 at 3. He argues that not admitting the document would result in manifest injustice because it would uphold a dismissal that presumed that there was no record of government surveillance. He adds that a cyber attack corrupted his original appellate filings to omit the FBI document, and that he prioritized filing on time rather than filing a complete brief and appendix.

We refuse to take judicial notice because the FBI response is irrelevant to this appeal and Abdulsamad's interpretation of this document is subject to reasonable dispute. We may take judicial notice of facts that are "not subject to reasonable dispute," because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Standing alone, the FBI response confirms merely that the FBI located potentially responsive records to Abdulsamad's FOIPA request. The existence of these records is irrelevant to whether Abdulsamad's first amended complaint was a shotgun pleading. But Abdulsamad implies that we should also take judicial notice of his *interpretation* of the FBI response, which is that the FBI's response to his FOIPA request corroborates his factual allegations. Abdulsamad's interpretation cannot be accurately and readily determined from the document, which states only that the FBI located potentially responsive records to his FOIPA request. Because Abdulsamad's interpretation of the FBI response is

"subject to reasonable dispute," it is not a proper subject for judicial notice. FED. R. EVID. 201(b).

We also refuse to supplement the record with this document. This Court rarely supplements the record to include material that was not before the district court, but we may do so if it would serve the interests of justice and if the material can resolve pending issues "beyond any doubt." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000) (citation modified). The FBI response does not serve the interests of justice or resolve pending issues because it would not correct the deficiencies in Abdulsamad's amended complaint. We therefore deny the motion.

## IV.

The district court's dismissal without prejudice of Abdulsamad's first amended complaint is **AFFIRMED**.

Abdulsamad's "Motion for Leave to File Supplemental Appendix and Request For Judicial Notice" is **DENIED**.